FILED
SUPERIOR COURT
OF GUAM

2013 FEB -8 PM 2: 48

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

DONALD B. DAVIS,                    )      CIVIL CASE NO. CV0710-12
                                    )
     Plaintiff,                    )
                                    )      **DECISION AND ORDER**
     vs.                           )      **ON MOTION TO DISMISS**
                                    )
IHIAC, INC., CHEN Y. MACK, FRANCIS )
E. SANTOS, and NARCISA SAMONTE,     )
                                    )
     Defendants.                   )
                                    )
_____     )
                                    )
IHIAC, INC.,                        )
                                    )
     Third-Party Plaintiff,        )
                                    )
     vs.                           )
                                    )
NARCISA SAMONTE,                    )
                                    )
     Third-Party Defendant.        )
                                    )

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 17, 2012 on Defendants Santos and Mack's Motions to Dismiss. Attorney William Blair represented Plaintiff Donald Davis.Attorney Daniel Berman represented Defendant Chen Y. Mack. Attorney Elyze McDonald Iriarte represented Defendant Francis E. Santos. After a hearing on the matter, the Court took motion under advisement. The Court now issues its Decision and Order.

### BACKGROUND

Plaintiff, a shareholder of IHIAC, Donald Davis sued Defendants on May 31, 2012. He alleges there are repurchase agreements in place between himself and

ORIGINAL

Defendant Samonte in addition to other agreements she may have with her co-defendants. It is his contention that when he attempted to exercise his re-purchase agreement, Defendants acted to interfere with the transaction. As to Defendant IHIAC, Plaintiff seeks declaratory and injunctive relief for the exercise of stock re-purchase agreements. Additionally, he seeks tort relief from IHIAC based on interference with contractual rights and prospective contractual advantage based on the corporation's actions in keeping him from exercising the stock re-purchase agreement.

The third and fourth claims set forth in the complaint apply to Defendants Santos and Mack in their personal capacity. Plaintiff alleges in Count III that Santos and Mack intentionally interfered with contractual rights and prospective contractual advantage. He alleges in Count IV that they breached their duty of loyalty as Directors of the corporation.

On July 5, 2012, Santos moved to dismiss Counts III and IV of the complaint pursuant to Guam Rule of Civil Procedure 12(b)(6). As to Count III, Defendant Santos argues that Plaintiff has failed to effectively plead the cause of action and that if anyone interfered with the contract, it was the Corporation, not Santos. As to Count IV, Santos argues that his actions did not constitute a breach of the duty of loyalty. Finally, he contends that Counts III and IV constitute shareholder derivative suits and Plaintiff has failed to adhere to procedural requirements for such suits.

On July 12, 2012, Defendant Mack filed her Motion to Dismiss, joining the motion and reciting substantially similar arguments as Santos. On September 11, 2012, Defendant IHIAC joined in the motion.

## DISCUSSION

Dismissal pursuant to Rule 12(b)(6) "is not proper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). The court's inquiry on a motion to dismiss is limited to the content of the complaint and the court should not dismiss

merely because it doubts the plaintiff will prevail in the action or that the possibility of ultimate recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A Court must construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9. In assessing the sufficiency of plaintiff's claims, the court takes plausible factual allegations in the complaint as true, while disregarding legal conclusions. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal of the complaint or any claim therein "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A. **Motion to Dismiss Interference with Contract Claim.**

In Count III of the Complaint, Plaintiff alleges Defendants Santos and Mack committed tortious interference with contract. Such a complaint "must allege:

(1) the existence of a valid contract between the plaintiff and a third party,
(2) the defendant's knowledge of that contract,
(3) an act by the defendant intended to induce a breach or disruption of the contractual relationship,
(4) an actual breach or disruption of the contract, and
(5) resulting damages.

Lujan v. Girardi & Keese, 2009 WL 5216906 (D.Guam 2009)(citing Brown v. Eastman Kodak Co., CV1890-92 (Super. Ct. Guam Dec. 30, 2005)).

Santos and Mack argue that Plaintiff has not satisfied the pleading requirements for this cause of action. This Court does not agree. The Complaint contains the following allegations:

(1) Plaintiff and Samonte had in place a stock purchase agreement. Complaint ¶ 10-15.

(2) Defendants Santos and Mack had knowledge of the agreement. Complaint ¶ 12-13.

(3) Santos and Mack intended to induce a disruption of the contract by causing IHIAC to assert that it had the right to purchase the shares currently in dispute. Complaint ¶ 20-23.

(4) Davis has been unable to purchase the shares from Samonte. Complaint ¶ 29-31.

(5) Damages have resulted in the expenses related to asserting his contractual rights and bringing this claim. Complaint ¶ 31.

Further, the Court finds the allegations plausible under the pleading requirements of Iqbal. As Plaintiff has satisfied his pleading requirements as to a claim for interference with contract, the claim must survive a 12(b)(6) motion to dismiss. Santos and Mack bring forth other arguments based on facts and circumstances surrounding the transactions relevant to this case. As there has been no discovery and there being no evidence before this Court outside of the pleadings, such arguments are inappropriate and premature.

**B. <u>Motion to Dismiss Breach of Duty of Loyalty Claim</u>.**

Defendants Santos and Mack each contend that no such duty is owed to Davis. Davis raises novel arguments as to the duty of loyalty in his opposition to the motion. However, there are deficiencies in the complaint with regard to the duty as Defendants correctly point out. The Complaint fails to allege the source of the duty of loyalty, who owes such a duty, and to whom the duty is owed.

Leave to amend pleadings "shall be freely given when justice so requires." Guam R. Civ. P. 15(a). Refusal to grant leave to amend without any justifying reason is abuse of discretion. See Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21 ¶ 16. This Court finds that granting Plaintiff leave to amend his complaint to cure the insufficiencies is proper here.

## CONCLUSION

For the reasons discussed above, the motion to dismiss Count III of the complaint, interference with contract, is hereby **DENIED**. Count IV of the complaint, breach of duty of loyalty, is hereby **GRANTED**. Plaintiff is granted 30 days to amend his complaint pursuant to Rule 15(a).

It is **SO ORDERED** this 8th day of February, 2013.

FEB 0 7 2013

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam